IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEVIN SNOW**                                                                                                       **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO:** 3:19cv143-MPM-RP

**C.C. CLARK, INC.**                                                                   **DEFENDANT**

                                                                                       **JURY TRIAL DEMANDED**

**COMPLAINT**

**COMES NOW**, Devin Snow, by and through counsel, and files this Complaint against C.C. Clark, Inc. Plaintiff would respectfully show unto the Court as follows:

### I. THE PARTIES

1. Plaintiff, Devin Snow, is an adult resident citizen of Lee County, Mississippi.

2. Defendant C.C. Clark, Inc. is a Mississippi corporation. C.C. Clark, Inc. may be served with process by service upon its registered agent, Harold N. Clark at 501 Academy Road, Starkville, Mississippi 39759.

### II. JURISDICTION

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for claims arising under Title VII of the 1964 Civil Rights Act.

4. Plaintiff has exhausted administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue.

### III. FACTS

5. Plaintiff is an African American male. Plaintiff worked for Defendant as a delivery driver. Plaintiff delivered beverages to retailers.

6. Defendant assigned Plaintiff to ride with another driver, David Brown, for training. During training, Brown frequently made racially disparaging comments to Plaintiff under the guise of making "jokes." Brown made references to Plaintiff being "hanged." Brown constantly criticized Plaintiff's performance. Working with Brown was exceedingly difficult but Plaintiff continued to do so.

7. In approximately May 2018, several boxes of drinks fell while Plaintiff was unloading them from a truck. Brown mocked Plaintiff and took a photograph of the accident. Plaintiff subsequently saw a text message conversation between Brown and another employee which included the photograph of Plaintiff near the spilled boxes. In the conversation, Brown stated that Plaintiff was "just being a nigger." The other employee responded that "[t]hey can be real pieces of shit."[1]

8. Plaintiff reported the text and Brown's racist statements to two of his superiors. Plaintiff reported all of Brown's racist conduct. Nothing was done. One of Plaintiff's superiors told Plaintiff to "let bygones be bygones." No action was taken against Brown and Plaintiff continued to have to train with Brown, and ride in a vehicle with him for hours each day. Plaintiff was humiliated that nothing had been done to Brown, and that Plaintiff was forced to continue to train under him.

9. Brown's racial harassment intensified. Eventually, Plaintiff reported Brown's conduct to Defendant's corporate office. Brown was eventually fired.

10. Plaintiff's superiors at the local facility were angry that Plaintiff had not "let bygones be bygones" and had reported Brown's racist behavior further. Plaintiff's superiors set out to retaliate against him.

11. In June 2019, shortly after Plaintiff reported Brown's racist conduct, Plaintiff was

terminated.

12. The reasons Defendant gave for Plaintiff's termination were false and pretextual. The real reasons for Plaintiff's termination were his race and the fact that he had reported and opposed race discrimination.

13. Plaintiff filed a Charge of Discrimination with EEOC. A true and correct copy is attached as Exhibit "A." Plaintiff received right-to-sue. A true and correct copy is attached hereto as Exhibit "B."

## IV. RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

14. Plaintiff was a member of a protected class based on his race. Plaintiff is African American.

15. Plaintiff was qualified for his position with Defendant.

16. Plaintiff was terminated from his position by Defendant.

17. Plaintiff was treated less favorably than white employees.

18. Plaintiff's race was a motivating factor for his termination. The reasons Defendant gave for Plaintiff's termination were false and were pretexts for race discrimination.

19. Defendant is liable for race discrimination in violation of Title VII of the 1964 Civil Rights Act and pursuant to 42 U.S.C. § 1981.

## V. RETALIATION IN VIOLATION OF TITLE VII

20. Plaintiff engaged in a Title VII protected activity by reporting and opposing race discrimination. Plaintiff engaged in a Title VII protected activity by reporting Brown's racist conduct and Brown referring to Plaintiff as a "nigger."

21. Defendant terminated Plaintiff's employment.

22. There was a causal link between Plaintiff's termination and Plaintiff engaging in the Title

---

[1] The photograph and text messages are reproduced in Plaintiff's Charge of Discrimination, attached as Exhibit "A."

VII protected activities.

23. Further, due to the close temporal proximity, a causal link is properly inferred between Plaintiff's opposing race discrimination and Plaintiff's termination.

24. Plaintiff was terminated because he engaged in Title VII protected activities. The reasons Defendant gave for Plaintiff's termination were false and were pretexts for race discrimination.

## VI. HOSTILE WORK ENVIRONMENT

25. Plaintiff was subjected to unwelcome harassment based on his race. The harassment against Plaintiff was based on Plaintiff being an African American.

26. The harassment affected a term, condition or privilege of Plaintiff's employment. Plaintiff was forced to continue to be supervised and trained by a co-worker who racially disparaged him and referred to him as a "nigger." Plaintiff was forced to undergo constant exposure to racist comments.

27. Plaintiff's superiors knew of the harassment and failed to take remedial action. Plaintiff's superior told Plaintiff to "let bygones be bygones" and continue to work with the racist co-worker.

28. Plaintiff was forced to work in a hostile work environment until he finally complained to other of Defendant's agents who fired the racist co-worker.

29. Defendant is liable for a hostile work environment pursuant to Title VII of the 1964 Civil Rights Act and 42 U.S.C. § 1981.

## VII. DAMAGES

30. Plaintiff seeks compensatory damages for lost wages, mental anxiety and emotional distress and front-pay.

31. Defendant's conduct was intentional and egregious. Plaintiff seeks an award of punitive

damages.

32. Plaintiff seeks an award of his reasonable attorneys' fees.

33. Plaintiff demands compensatory damages and punitive damages in an amount to be determined by a jury. Plaintiff demands trial by jury.

## VIII. REQUEST FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant for back pay and compensatory damages in an amount to be determined by a jury, for reasonable attorneys' fees and for front pay. Plaintiff demands punitive damages. Plaintiff demands trial by jury. Plaintiff further demands such other and more general relief to which he is entitled.

**RESPECTFULLY SUBMITTED**, this the 28th day of June, 2019.

**MCLAUGHLIN LAW FIRM**

By: /s/ R. Shane McLaughlin
R. Shane McLaughlin (Miss. Bar No. 101185)
338 North Spring Street Suite 2
P.O. Box 200
Tupelo, Mississippi 38802
Telephone: (662) 840-5042
Facsimile: (662) 840-5043
rsm@mclaughlinlawfirm.com

**ATTORNEY FOR PLAINTIFF**

5